UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 16-cr-170-pp

PAUL M ROGERS,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO WAIVE THE COST OF HIS SENTENCING TRANSCRIPT (DKT. NO. 148)**

On March 14, 2018, the court sentenced the defendant to serve 126 months in custody, followed by five years of supervised release. Dkt. No. 121. After the sentencing, defense counsel filed a letter, notifying the court that he had discussed the defendant's appeal rights with the defendant and that the defendant did not wish to appeal. Dkt. No. 119. Almost two months later, on May 4, 2018, the court received a letter from the defendant, asking the court to waive the fee for the sentencing transcript; he did not explain why he needed the transcript. Dkt. No. 138. That same day, the clerk of court sent the defendant a letter with a transcript order form, and explained the fees for ordering transcripts. Dkt. No. 139.

The court sent a letter to the defendant telling him that it couldn't rule on his request until it knew why he wanted the transcripts; and the defendant sent a letter in response.

1

The defendant explains that he went to court only two times.[1] Dkt. No. 148 at 1. He says that he reached out to his lawyer "numerous" times to ask questions about his case, but that often he was unsuccessful. He explains that he started asking his fiancée to send messages to his lawyer, because months would go by without the lawyer coming to visit him. Id. The defendant was incarcerated at the Kenosha County Detention Center, and he says that his lawyer never broke things down the way the defendant needed him to; he says the whole process felt very rushed to him. Id. at 1-2. When the defendant tried to contact his lawyer after the sentencing, his lawyer told him that he wasn't assigned to the defendant's case anymore. Id. at 2. The defendant says that KCDC did not have many resources. He wants to get his own copy of the sentencing transcript, so that he can go to the law library and "read up on the chain of events that took place concerning [his] case." Id. He says that this will give him an opportunity to take his time, so that he can "gain a better understanding of the sentence that" the court imposed. Id.

The court recognizes that the defendant wants to understand why he received the sentence that he did. The court, however, only has so much money

---

[1] The court's records show that the defendant appeared before Magistrate Judge William E. Duffin on December 16, 2016 for his arraignment; Attorney Susan Roth appeared on his behalf that day. Dkt. No. 29. Attorney Roth later had to withdraw, due to a conflict. Dkt. No. 40. On October 24, 2017, the government filed a plea agreement, signed by the defendant and his new lawyer, Attorney Morgan. Dkt. No. 85. The defendant appeared in this court on December 21, 2017, and entered his guilty plea. Dkt. No. 99. He appeared again in this court for his sentencing on March 14, 2018. Dkt. No. 121. So, practically speaking, he did appear in court only two times.

to pay for transcripts for people who can't afford them. That means that the court can't grant every request to waive the fee for transcripts; it grants only those requests where an indigent person needs the transcript for a proceeding that is pending in court—like an appeal. The defendant does not have any litigation pending in this court—the deadline for him to appeal has passed. So the court cannot waive the transcript fee for the defendant. It can, however, provide the defendant with a copy of the court "minutes" for his sentencing hearing. The "minutes" are a summary of what happened at the sentencing hearing. They explain how the court calculated the defendant's Sentencing Guidelines range, and how it added that range to the mandatory minimum sentence of eighty-four months that the law required the court to impose for the defendant's conviction for using and carrying a firearm during a crime of violence. The minutes explain the sentence that the government recommended, the sentence that the defendant's lawyer recommended and the sentence that the court imposed. The court will also provide the defendant with a copy of the judgment. Finally, the court will share with the defendant the fact that defendant Ronnie Bethly received a sentence of 118 months in custody; defendant Lester Brider received a sentence of 90 months; defendant Edward Williams received a sentence of 114 months; and defendant Jrakar Gaddis received a sentence of 160 months in custody. All five of the people in the defendant's case pled guilty to one or more robbery counts, as well as one count of using and carrying a firearm during a crime of violence, which carries a mandatory minimum sentence of eighty-four months that a court must

impose consecutively—in addition to—any sentence it imposed on the robbery counts.

The court **DENIES WITHOUT PREJUDICE** defendant's motion to waive the cost of his sentencing transcript. Dkt. No. 148.

Dated in Milwaukee, Wisconsin this 20th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**